# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY ROBINSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 533 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Anthony Robinson seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Robinson was convicted by a jury of racketeering conspiracy; two counts of violent crime in aid of racketeering – murder; one count of violent crime in aid of racketeering – attempt to commit murder, and tampering with evidence. Case No. 4:11CR246 CDP. He was sentenced to three terms of life imprisonment, plus 120 months and 240 months, with all terms to run consecutively. Robinson appealed, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Henley*, 766 F.3d 893, 908 (8th Cir. 2014). Robinson petitioned the United States Supreme Court for certiorari, which was denied on May 4, 2016.

Robinson then filed this § 2255 motion *pro se*, raising the following two grounds for relief:

1) Ineffective assistance of counsel "because the district court finding that spontaneous isolated and unrelated acts of violence by individuals in disparate geographical locations having no economic impact on Interstate Commerce and whose association in-fact-was not engaged in or effected interstate commerce violates 18 U.S.C. § 1962(d) constitutes an unconstitutional application of RICO"; and

2) Ineffective assistance of counsel "because the court improperly determined that defendants acts performed for purposes of maintaining or increasing his position in a RICO enterprise in violation of 18 U.S.C. § 1959(a) does not require 'but for' causation."

As the government points out, Robinson's lengthy memorandum in support of his motion bears little relationship to these claims and instead contains a rambling, incomprehensible attack of the constitutionality of various statutes and the procedure used to sentence him. To the extent this memorandum attempts to raise additional claims, they could have been raised before the Court of Appeals but were not, so they are procedurally barred. Robinson's ineffective assistance of counsel claims fail because he was represented by an experienced trial attorney who presented a vigorous defense, and his claims of ineffective assistance of counsel are refuted by the trial record. The evidence against him was very strong, as set forth in great detail in the appellate opinion affirming his conviction and sentence. I will deny Robinson's motion without an evidentiary hearing for the reasons that follow.

## Discussion

### A. No Evidentiary Hearing is Required

The records before me conclusively demonstrate that Robinson has no right to relief. I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The record here conclusively refutes the claims, so I will not hold an evidentiary hearing.

### B. Additional Claims are Procedurally Barred

"A collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the

3

errors of which he complains. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993); *Mathews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).[1]

Although Robinson's arguments are difficult to discern, he appears to assert in his supporting memorandum that: 18 U.S.C. § 1959 is unconstitutional, both on its face and as applied to him; he was somehow "prosecuted in the wrong court;" being sentenced to the statutory mandatory minimum term of imprisonment violated due process; and, 18 U.S.C. § 3553(a) is unconstitutional because the Court allegedly sentenced him based on judicially found facts and a mandatory Presentence Investigation Report . Not only are all of these claims meritless,[2] they are procedurally barred because they could have been raised on direct appeal but were not. As Robinson provides no attempt to allege sufficient cause and

---

[1] A movant can also avoid procedural default by demonstrating actual innocence. *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, a § 2255 movant must show either cause and actual prejudice, or that he is actually innocent.") (internal quotation marks and citations omitted). Actual innocence is a strict standard that generally cannot be met "where the evidence is sufficient to support a conviction on the charged offense." *Id.* (internal quotation marks and citation omitted). Where, as here, the Court of Appeals has found that the evidence was sufficient to support his conviction, Robinson cannot claim actual innocence.

[2] Section 1959 is constitutional. *United States v. Crenshaw*, 359 F.3d 977, 984-87 (8th Cir. 2004). To the extent Robinson's unconstitutional as applied argument is really a challenge to the sufficiency of the evidence, the Eighth Circuit rejected this argument on direct appeal and it cannot be relitigated here. *Henley*, 766 F.3d at 910 (finding sufficient evidence that "Robinson's offenses were acts of retaliation intended to further the interests of the organization and fulfill the requirements of his position as sergeant at arms."). Mandatory minimum sentences do not violate due process. *United States v. Prior*, 107 F.3d 654, 658 (8th Cir. 1997). Robinson was not sentenced based on "judicially found facts." He was sentenced to mandatory terms of imprisonment after the jury found him guilty beyond a reasonable doubt. Robinson is wrong that he was sentenced in the wrong court and that the Presentence Investigation Report was "mandatory," so those claims are summarily rejected.

4

prejudice necessary to overcome the procedural default of any of these claims, they will be denied.

### C. Robinson Did Not Receive Ineffective Assistance of Counsel

Robinson brings two claims of ineffective assistance of trial counsel. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Robinson must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Robinson "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if the movant makes an insufficient showing on one of the

prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Under these standards, Robinson did not receive ineffective assistance from his attorney.

In his first ground for relief, Robinson appears to allege that his attorney was constitutionally ineffective because the Court determined that the government proved the existence of a "pattern of racketeering activity." This claim is summarily rejected as Robinson's attorney did make this argument, both at trial and on appeal. However, the argument was rejected by the Eighth Circuit as meritless:

> The defendants next argue in their joint brief that the government failed to present sufficient evidence that the predicate acts committed by members of the Wheels of Soul amounted to a "pattern of racketeering" as required by 18 U.S.C. § 1962(c) and (d). Specifically, they argue that the predicate acts alleged by the government were unrelated, random, sporadic, spontaneous, and isolated acts motivated by personal feuds.
>
> To demonstrate a "pattern of racketeering activity" the government must show "at least two acts of racketeering activity" which occurred within ten years of each other. 18 U.S.C. § 1961(5). Additionally, the government must show that "the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). Criminal acts are related if they are shown to "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 240, 109 S.Ct. 2893; *see also Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 769 (8th Cir. 1992). The acts must have both "horizontal relatedness," meaning that the acts are related to one another, and "vertical relatedness," meaning that the predicate acts have a nexus to the enterprise. *United States v. Burden*, 600 F.3d 204, 216 (2d Cir. 2010).
>
> We conclude that the government presented sufficient evidence for the jury to find a "pattern of racketeering activity." The government argued at trial

6

> that all of the predicate acts shared a similar purpose of asserting the dominance of the Wheels of Soul and punishing those who committed real or perceived transgressions against the club or its members. For example, the government presented evidence that much of the violence was directed at individuals wearing "colors" that the Wheels of Soul had not authorized them to wear, including the incidents on August 10, 2009 and January 2, 2011. The government also presented evidence that several of these incidents occurred in defense of members or friends of the Wheels of Soul, such as the shooting at Bennigan's on May 28, 2009 and the shooting of an off duty corrections officer who was targeted for wearing a rival club's colors.
>
> The incidents were also interrelated: disputes in one city would "trickle down" to other cities, and certain disputes would lead to declarations of "war" within the organization at large. The victims were almost always members of rival clubs, and the violent acts were almost always committed by members acting together during a group event, rather than a single individual acting alone. The jury was properly instructed that it must decide whether the acts were related. We conclude that it reasonable for the jury to find that the charged acts of violence arose from the motorcycle club's rivalries, loyalties, and desire to establish and maintain its continuing reputation. *Cf. Burden*, 600 F.3d at 218–19; *United States v. Simmons*, 923 F.2d 934, 951–52 (2d Cir. 1991).
>
> Finally, there is no genuine dispute that the acts continued beyond the period of one year, and that the jury thus had sufficient evidence to conclude that the acts had continuity. *See United States v. Hively*, 437 F.3d 752, 761 (8th Cir. 2006). We conclude that the government presented sufficient evidence for the jury to find that the predicate acts committed by members of the Wheels of Soul amounted to a "pattern of racketeering."

*Henley*, 766 F.3d at 907–08. Counsel cannot be ineffective for failing to win a meritless argument, so Robinson's claim fails as a matter of law.

Robinson may also be contending that counsel should have argued that the government had not proven that the enterprise affected interstate commerce as required by RICO. This claim is summarily rejected as counsel cannot be

ineffective for failing to make this meritless argument. *See Rodriquez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994). The facts proven at trial conclusively demonstrate that the enterprise was engaged in activities that affected interstate commerce. *See Henley*, 766 F.3d at 898-904. Ground 1 of Robinson's § 2255 motion is denied.

In Ground 2, Robinson alleges ineffective assistance of counsel "because the court improperly determined that defendants acts performed for purposes of maintaining or increasing his position in a RICO enterprise in violation of 18 U.S.C. § 1959(a) does not require 'but for' causation." This claim will be denied as it is a rehashing of an argument actually made by counsel and rejected by the Eighth Circuit on appeal:

> Third, Robinson argues that the district court erred in denying his motion for a judgment of acquittal after the government failed to prove beyond a reasonable doubt that he committed his RICO offenses for the purpose of maintaining or increasing his position in the Wheels of Soul. Other courts to address such issues have concluded that while the government must show that the defendant was motivated by maintaining or increasing his position in the racketeering enterprise, it need not show that it was his "sole or principal motive." *United States v. Whitten*, 610 F.3d 168, 178–79 (2d Cir. 2010) (internal quotation omitted). We agree. Here, the jury heard evidence that Robinson carried out, or was complicit in, various acts of violence directed at members of rival clubs. Moreover, the jury heard recorded statements in which Robinson said that he aimed to shoot people after they offended members of the club. There was sufficient evidence, when taken in the light most favorable to the verdict, for the jury to find that Robinson's offenses were acts of retaliation intended to further the interests of the organization and fulfill the requirements of his position as sergeant at arms.

8

*Henley*, 766 F.3d at 910. As counsel cannot be ineffective for failing to win a meritless argument, Ground 2 of Robinson's § 2255 motion is denied.

### D. I Will Not Issue a Certificate of Appealability

As Robinson has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings). Accordingly,

**IT IS HEREBY ORDERED** that Anthony Robinson's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that Robinson's motion to amend or supplement [6] is denied, as nothing in that motion changes the legal analysis.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Robinson has not made a substantial showing of the denial of a federal constitutional right.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of October, 2017.